UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80096-CR-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

HOOBESH KUMAR DOOKHY,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Hoobesh Kumar Dookhy (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with Abusive Sexual Contact, in violation of Title 18, United States Code, Section 2244(b). The defendant agrees that he is, in fact, guilty of the offense.

2. This Office agrees to seek dismissal of Count 1 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory

1

sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to Count 2 of the Indictment the Court may impose a statutory maximum term of imprisonment of up to two (2) years, followed by a term of supervised release of up to one (1) year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation

office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

10/31/23
DATE

By: _____
BRIAN D. RALSTON
ASSISTANT UNITED STATES ATTORNEY

10/26/23
DATE

By: _____
PETER BIRCH
COUNSEL FOR DEFENDANT

10/26/23
DATE

By: _____
HOOBESH KUMAR DOOKHY
DEFENDANT

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80096-CR-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

HOOBESH KUMAR DOOKHY,

Defendant.
_____/

## FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

The United States of America and Defendant Hoobesh Kumar Dookhy, (hereinafter "Defendant") agree that had this case proceeded to trial, the United States would have proven the following elements and facts beyond a reasonable doubt as to Count 2 of the Indictment charging the Defendant with Abusive Sexual Contact, in violation of Title 18, United States Code, Section 2244(b).

### Count 2: Abusive Sexual Contact
### Elements

**First**: The Defendant engaged in sexual contact with the Victim;

**Second**: That the sexual contact was without the Victim's permission; and

**Third:** That the offense was committed in the special maritime and territorial jurisdiction of the United States.

1. The Margaritaville at Sea Paradise ("cruise ship") is a vessel registered in The Commonwealth of the Bahamas. On May 5, 2023, at approximately 5:30 p.m. the cruise ship departed from the Port of Palm Beach in Riviera Beach, Florida with a destination of Nassau, Bahamas and was scheduled to return to the Port of Palm Beach in Riviera Beach, Florida, on May 7, 2023. As such, at the time of the offense the cruise ship was a foreign vessel during a voyage having a scheduled departure from or arrival in the United States.

2. On May 5, 2023, the Defendant was employed as a bar server aboard the cruise ship and the Victim, a United States citizen, was a passenger. The Victim met the Defendant in his capacity as a bar server. After the departure from the Port of Palm Beach and into the early morning hours of May 6, 2023, the Victim consumed alcoholic beverages to the point that the Victim became intoxicated. The Defendant served several alcoholic drinks to the Victim during this time span. In the course of serving alcoholic drinks to the Victim, the Defendant obtained the Victim's cabin room key, which contained her name and cabin room number.

3. At approximately 1:24 a.m., the Victim and her female cabinmate ("Witness") returned to their cabin room and entered the cabin room using the Witness's cabin room key. The Victim and Witness thereafter went to sleep. At approximately 1:59 a.m., the Defendant entered the Victim's and Witness's cabin room using the Victim's cabin room key. At approximately 2:11 a.m., the Defendant used his phone to take a photograph of himself and the Victim while the Victim was asleep.

4. At approximately 3:00 a.m., the Witness awoke to the Defendant in her and the Victim's cabin room. The Defendant thereafter sat on the side of the cabin room bed and made sexual contact with the Victim by intentionally touching the Victim's exposed breasts with the intent to abuse, humiliate, harass, degrade, or arouse or gratify his sexual desires. The Defendant touched the Victim's breasts while she was asleep and without her permission. The Witness observed the touching and captured a photograph of the Defendant intentionally touching the Victim's breasts.

5. All events occurred in the in the special maritime and territorial jurisdiction of the United States.

                                  MARKENZY LAPOINTE
                                  UNITED STATES ATTORNEY

10/31/23          By: _____
DATE                         BRIAN D. RALSTON
                                ASSISTANT UNITED STATES ATTORNEY

10/26/23         By: _____
DATE                         PETER BIRCH
                                COUNSEL FOR DEFENDANT

10/26/23         By: _____
DATE                         HOOBESH KUMAR DOOKHY
                                DEFENDANT