UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80096-CANNON/REINHART

**UNITED STATES OF AMERICA,**

vs.

**HOOBESH KUMAR DOOKHY,**

      **Defendant.**

_____/

**<u>RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE
INVESTIGATION REPORT</u>**

The United States, by and through the undersigned Assistant United States Attorney, hereby files this Response to Defendant Hoobesh Kumar Dookhy's ("Dookhy" or "Defendant") Objections to his Presentence Investigation Report ("PSI"). For the reasons stated below, the United States does not oppose the defendant's objections and respectfully requests that the Court enter findings that the defendant's total offense level is 10 and the corresponding advisory guideline range is 6 to 12 months' imprisonment.[1]

**I.  Background**

    **A.  Procedural History**

On May 8, 2023, a criminal complaint was filed charging the defendant with abusive sexual contact, in violation of Title 18, United States Code, Section 2244(b). On May 25, 2023, a Grand Jury returned a two-count Indictment against the defendant charging him with sexual abuse, in violation of Title 18, United States Code, Section, 2242(2) and abusive sexual contact, in violation of Title 18, United States Code, Section 2244(b). On October 31, 2023, the defendant entered a

---

[1] The United States does intend to file a written motion for an upward variance and will do so at least 10 days prior to the sentencing hearing in accordance with the Court's Scheduling Order.

plea of guilty as to Count 2 of the Indictment and the United States agreed to seek the dismissal of Count 1 of the Indictment after sentencing. The sentencing hearing is currently set for January 30, 2024.

### B. Dookhy's Advisory Guideline Range

In preparation for sentencing, the United States Probation Office ("USPO") prepared a Presentence Investigation Report (DE:55). Applying the 2023 United States Sentencing Guidelines Manual ("USSG"), the USPO set the defendant's base offense level at 30, under USSG § 2A3.4 because the offense involved a violation of 18 U.S.C. §2244(b) (*Id.* at ¶ 16). Furthermore, the USPO stated, "[p]ursuant to the cross reference at § 2A3.4(c)(1), if the offense involved criminal sexual abuse or attempting to commit criminal sexual abuse (as defined in 18 U.S.C. §§ 2241 or 2242) § 2A3.1 is utilized." (*Id.*)

The USPO subtracted three levels for the defendant's timely acceptance of responsibility, making his total offense level 27 (*Id.* at ¶¶ 23-25). The defendant's zero criminal history points placed him in a criminal history category I (*Id.* at ¶ 28). The defendant's advisory guidelines range was therefore 70 to 87 months (*Id.* at ¶ 56).

### C. Dookhy's PSI Objections

The defendant objected to any allegation beyond the facts contained in the factual basis in support of his guilty plea (*See* DE: 58). Moreover, the defendant argues the offense did not involve criminal sexual abuse or attempt to commit criminal sexual abuse as defined in 18 U.S.C. §§ 2241 or 2242 (*Id.*) As a result, the defendant argues that his offense level is 12 and with a two level reduction for acceptance of responsibility, the defendant's total offense level is 10 (*Id.*)

## II. The Government Does Not Oppose the Defendant's Objections to the Presentence Investigation Report

The United States does not oppose the defendant's objections to the Presentence Investigation Report related the defendant's base offense level and applicable guideline range. "The Government must prove the facts relevant to sentencing by a preponderance of the evidence. The sentencing court's factual findings may be based upon evidence heard during trial, facts admitted by the defendant's guilty plea, undisputed statements in the PSI, or evidence presented during the sentencing hearing." *United States v. Roque-Reyes*, 679 Fed. Appx. 890, 893 (11th Cir. 2017). In this case, the defendant plead guilty to Count 2 of the Indictment, which charged the defendant with abusive sexual contact, and the defendant admitted to the facts underlying that offense in the factual basis in support of guilty plea (*See* DE: 48, 49). As part of the guilty plea, the government agreed to seek dismissal of Count 1 of the Indictment after sentencing (*Id*.) As a result of the guilty plea, there was no evidence presented at a trial and the defendant has now objected to facts set forth in the PSI that relate to Count 1. Thus, the government must prove the disputed facts at the sentencing hearing, which will require the testimony, and likely cross examination, of the Victim. The government has consulted with the Victim regarding her testimony at the sentencing hearing and it is the Victim's preference not to testify.[2] The government therefore does not intend to present evidence related to the facts underlying Count 1 of the Indictment that are contained within the PSI.

---

[2] The Victim does intend to be present at the sentencing hearing and to present a statement to the Court.

## **CONCLUSION**

For the foregoing reasons, the United States does not oppose the defendant's objections and respectfully requests that the Court enter findings that the defendant's total offense level is 10 and the corresponding advisory guideline range of 6 to 12 months' imprisonment.

                                        Respectfully submitted,
                                        MARKENZY LAPOINTE
                                        UNITED STATES ATTORNEY

BY: _____
                                        Brian D. Ralston
                                        Assistant United States Attorney
                                        Court ID No. A5502727
                                        500 South Australian Avenue, Suite 500
                                        West Palm Beach, Florida 33401
                                        Tel: (561) 209-1068
                                        Email: brian.ralston@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Brian Ralston*
BRIAN D. RALSTON
Assistant United States Attorney

**SERVICE LIST**

**United States of America v. Hoobesh Kumar Dookhy**
**Case No. 23-80096-Cannon-Reinhart**
**United States District Court, Southern District of Florida**

| |
|---|
| **Brian Ralston**<br>U.S. Attorney's Office<br>500 S. Australian Avenue, Suite 400<br>West Palm Beach, Florida 33401<br>561-820-8711<br>Brian.Ralston@usdoj.gov<br>Attorney for USA |
| **Peter Vincent Birch**<br>Federal Public Defender's Office<br>250 Australian Avenue<br>Suite 400<br>West Palm Beach, FL 33401<br>561-833-6288<br>Peter_Birch@fd.org<br>Attorney for Dookhy |